

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,482

**EX PARTE TED PATRICK CAMMACK, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15,013 IN THE 115TH DISTRICT COURT
### FROM UPSHUR COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to thirty years' imprisonment.

Applicant contends that he was denied the right to appeal his conviction.

Both trial counsel and appellate counsel have submitted affidavits responding to Applicant's allegation. Trial counsel states that he inadvertently failed to timely file a motion for new trial and erroneously informed appellate counsel that such a motion was filed. Appellate counsel states that

he relied on trial counsel's assertion that a motion for new trial had been filed and therefore missed the deadline for timely filing a notice of appeal. We find, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 15,013 from the 115th Judicial District Court of Upshur County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: January 26, 2011
Do Not Publish